J-S44030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ISAAH J. SAMPSON, | |
| Appellant | No. 1969 EDA 2016 |

Appeal from the PCRA Order May 25, 2016
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001082-2011

BEFORE:  BENDER, P.J.E., SHOGAN and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED AUGUST 25, 2017**

Appellant, Isaah J. Sampson, appeals *pro se* from the order denying his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  On appeal, Appellant argues that the new rule asserted in *Alleyne v. United States*, 133 U.S. 2151 (2013), should be applied retroactively to his case and his sentence should be modified accordingly. We affirm.

The facts and procedural history of this matter are as follows: On December 30, 2010, Appellant and two other men robbed the KNBT Bank of Emmaus at gunpoint.  N.T., 11/16/11, at 25, 50.  During the robbery, one of the men struck a bank employee in the head with a gun.  *Id.* at 14, 17, 59. The men fled the bank after taking $11,529 from three separate tellers.  *Id.*

at 42, 57–58. Some of the money contained GPS tracking packaging, which the police used to track the robbers. *Id.* at 27–33, 42, 57–58, 83–84; N.T., 11/17/11, at 201–205.

Officer William Bryfogle of the Emmaus Police Department was approximately one and one-half miles away from the bank when he received a call of suspicious activity at the bank. N.T., 11/16/11, at 82. He activated his emergency lights and siren, which also activated his on-board video camera, and drove to the bank. *Id.* On his way to the bank he was informed "that a GPS unit has activated from the inside of the bank on a money pack" and was leaving the bank. *Id.* at 83–84.

Upon arrival at the bank, Officer Bryfogle observed three men wearing dark clothing in a blue Mercury driving toward his patrol vehicle. N.T., 11/16/11, at 90. After turning to pursue the vehicle, Officer Bryfogle observed a "black handgun come out the back passenger window of the vehicle and point in [his] direction." *Id.* at 95. Multiple bullets struck the officer's cruiser, but he escaped uninjured. *Id.* at 97.

After turning onto Main Street, the passenger in the backseat, who was later identified as Appellant, continued to fire his "black semi-automatic handgun." N.T., 11/16/11, 97–98. When the vehicle reached First Street, the men in the backseat and front passenger seat exited the vehicle. *Id.* at 99. Soon after, the driver exited the Mercury and started running. *Id.* Officer Bryfogle chased the driver on foot until Sergeant Troy Schantz struck

the driver with his patrol vehicle. *Id.* The driver was then subdued, handcuffed, and searched. *Id.* at 180. Officer Bryfogle's actions were captured by the dash camera of the patrol vehicle, which was introduced as evidence at trial. *Id*. at 106–109.

One of the responding officers, Budd Frankenfield of the Salisbury Police Department, began a search by patrol vehicle and on foot on "Minor Street, behind a business called Rodale." N.T., 11/16/11, at 252–254. He eventually observed a black male wearing dark blue sweatpants and a dark blue hooded sweatshirt with a Champion logo. *Id.*; N.T., 11/17/11, at 46. With the help of Sergeant Karl Geschwindt from the Emmaus Police Department, Officer Frankenfield arrested the individual, later identified as Appellant. *Id.* at 259–260. Appellant told Sergeant Geschwindt that his name was "Andre." *Id.* at 290. Images from the bank show one of the robbers wearing a "dark in color, blue in color, Champion hooded sweatshirt." *Id.* at 40, 46, 125.

During the search of the Mercury, Detective Timothy Hoats discovered the money from KNBT Bank and a Blackberry cellular telephone. N.T., 11/17/11, at 206, 208. Detective Jason Apgar analyzed the phone, along with two other cell phones recovered by the police on the ground near the Mercury and in its backseat. *Id.*; N.T., 11/18/11, at 43, 52–59. The detective discovered that the three phones belonged to the assailants. *Id.* The phone recovered from the backseat passenger had photographs of

Appellant. *Id.* at 52–59. Text messages from the phones also revealed the planning of the bank robbery by the three individuals. *Id.* at 65–100.

On November 21, 2011, a jury convicted Appellant of three counts of robbery, attempted criminal homicide, two counts of aggravated assault, and one count of criminal conspiracy to commit robbery.[1] The trial court ordered a presentence report following the jury's verdict. On April 16, 2012, the trial court held a sentencing hearing, where it considered both the presentence report and the sentencing guidelines prior to imposing sentence. At the conclusion of the sentencing hearing, Appellant received a total sentence of not less than thirty-three years but not more than seventy years in a state correctional institution. This Court affirmed the judgment of sentence on October 4, 2013. *Commonwealth v. Sampson*, 87 A.3d 875, 2800 EDA 2012 (Pa. Super. filed October 4, 2013) (unpublished memorandum). The Supreme Court denied Appellant's petition for allowance of appeal on April 29, 2014. *Commonwealth v. Sampson*, 89 A.3d 1284, 860 MAL 2013 (Pa. filed April 29, 2014).

Appellant filed a *pro se* PCRA petition on July 9, 2015. The PCRA court appointed counsel to represent Appellant on July 28, 2015. Counsel filed a

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(ii), 2501 and 901, 2702(a)(1) and (2), 3701(a)(1)(ii) and 903, respectively.

Motion to Withdraw as Counsel and a **Turner**/**Finley**[2] letter on December 22, 2015.

On February 18, 2016, the PCRA court entered an order providing notice of its intention to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907(1). On May 23, 2016, the PCRA court dismissed the petition and granted counsel's motion to withdraw as counsel.

Appellant filed a *pro se* notice of appeal on June 15, 2016. On July 11, 2016, the PCRA court directed Appellant to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b). Appellant had until August 1, 2016, to file his court-ordered Rule 1925(b) statement. The PCRA court concluded Appellant had failed to file his Rule 1925(b) statement by the due date and, thus, found all issues waived. Trial Court Opinion, 8/18/16 at 11. However, the docket indicates that Appellant mailed the 1925(b) statement on July 25, 2016, to the Lehigh County Clerk of Judicial Records. Under the prisoner mailbox rule, a prisoner's *pro se* Pa.R.A.P. 1925(b) statement is deemed filed at the time it is given to prison officials or put in the prison mailbox. **Commonwealth v. Jones**, 700 A.2d 423 (Pa. 1997). Thus, we consider Appellant's 1925(b) statement to be timely.[3]

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

[3] In the interest of judicial economy, we will not remand for a 1925(a) opinion and will address Appellant's appeal on its merits.

Appellant raises the following issues on appeal:

I. Is Appellant entitled [to] a modification of sentence pursuant to *Alleyne*?

II. Should the decision in *Alleyne v. United States* be applied retroactively to Appellant's sentence?

Appellant's Brief at 4 (issues reordered for ease of disposition).

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's determination is "supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). If a PCRA court's credibility determinations are supported by the record, then the determinations are binding. *Commonwealth v. Robinson*, 139 A.3d 178, 185 (Pa. 2016). This Court applies a *de novo* standard of review to the PCRA court's legal conclusions. *Commonwealth v. Burton*, 121 A.3d 1063, 1067 (Pa. Super. 2015). The scope of review of an appellate court in proceedings under the PCRA "is limited to the findings of the PCRA court and the evidence of the record, viewed in the light most favorable to the prevailing party at the PCRA court level." *Commonwealth v. Koehler*, 36 A.3d 121, 131 (Pa. 2012).

Appellant argues that his sentence is illegal according to the United States Supreme Court decision in *Alleyne v. United States*, 133 U.S. 2151 (2013). Appellant's Brief at 16. The *Alleyne* Court held that any fact that increases a mandatory minimum criminal penalty must be proven beyond a reasonable doubt as an element of the offense, and it must be submitted to

the jury. *Alleyne*, 133 S.Ct. at 2155; *see*, *e.g.*, *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (affirming the unconstitutionality of 18 Pa.C.S. § 6317, which imposes mandatory minimum sentencing for controlled–substance crimes occurring near a school zone, as determined by *Alleyne*).

*Alleyne* is not applicable to Appellant's case. As the Commonwealth points out, "the sentencing court did not apply nor consider any mandatory minimum statutes prior to imposing its sentence." Commonwealth Brief at 7; N.T., 11/19/11, at 115–177. Accordingly, Appellant's reliance on *Alleyne* is misplaced. Moreover, the jury heard the evidence and determined that the prosecution satisfied the necessary elements for three counts of robbery, attempted criminal homicide, two counts of aggravated assault, and one count of criminal conspiracy to commit robbery beyond a reasonable doubt. Thus, Appellant is not entitled to a modification of sentence.

Appellant also argues that *Alleyne* should be applied retroactively to his case. Appellant's Brief at 12. According to Appellant, the Supreme Court need not explicitly hold that a new rule is to be applied retroactively. *Id.* Appellant is incorrect. Even if *Alleyne* were applicable, the rule created therein would not be given retroactive effect.

Unless either the United States Supreme Court or the Pennsylvania Supreme Court explicitly holds a new rule to be retroactive, the new rule is not retroactive to cases on collateral review. 42 Pa.C.S. § 9545(b)(1)(iii).

In ***Commonwealth v. Washington***, 142 A.3d 810 (Pa. 2016), the Pennsylvania Supreme Court held that "***Alleyne*** does not apply retroactively to cases pending on collateral review . . . ." ***Id.*** at 820. Thus, because the Pennsylvania Supreme Court's holding in ***Washington*** would preclude retroactive application of ***Alleyne*** to Appellant's PCRA claim, he would not be entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017